STOWELL (ALLIS v.). See Case No. 250.

STOWELL (UNITED STATES v.). See Case No. 16,409.

---

## Case No. 13,515.

### STOWELL v. WILLIAMS.

[17 Int. Rev. Rec. 38.]

Circuit Court, S. D. Ohio. 1873.

INTERNAL REVENUE—DISTILLERY—SUSPENSION.

The plaintiff in this case [E. H. Stowell] was a distiller at Deerfield in the Third collection district of Ohio, and brought his action against [Robert Williams, Jr.] the collector for illegally requiring him to pay the sum of $2,100, which was paid under protest, and which he now sought to recover back in an action in the state court. The case was brought to this court by writ of certiorari. The petition or declaration averred that the plaintiff was a distiller, and had paid all the taxes due on the spirits distilled by him during the month of January, 1871, but that during that month an explosion of the boiler occurred, and his machinery was so injured by the accident that he stopped working for five days, until the repairs enabled him to proceed; that during these five days he neither mashed nor distilled. He had notified the assessor of the district of the unavoidable accident, and had requested him in writing to legally suspend the operations of his distillery, to lock up the furnaces, etc., as required by law. But that the assessor paid no attention to his request; and although he

(the distiller) had paid to the collector 80 per centum of the working capacity of the distillery for that month, the assessor, nevertheless, assessed upon him the taxes for the five days during which he had been prevented from running by reason of the explosion and accident above referred to. He had paid under protest, and had appealed to the commissioner of internal revenue, where the case was still pending. To this declaration the district attorney, who appeared for the collector, filed an answer, setting up: That at the time of said alleged explosion and injury to the machinery of the distillery there were large quantities of mash and beer on hand in the tubs; that the assessor notified the distiller that he must either fix the intended time of suspension, so as to enable him to run off the mash and beer on hand, or he must destroy the said mash and beer, before a legal suspension could take place. This the distiller (the plaintiff) refused to do; hence the assessment and exaction of the taxes as required by law. The plaintiff filed a general demurrer to the answer.

Bruce, Wilson & Craig, for plaintiff.

Henry Hooper, U. S. Asst. Atty., for defendant.

SWING, District Judge, held that there was but a single point in the case, and that was: Had the commissioner of internal revenue the power and authority under the statute to prescribe the mode and the time when a legal suspension could take place in a distillery? In the regulations issued by the commissioner of internal revenue, under the law of July 20, 1868 [15 Stat. 125], as amended by act of April 10, 1869 [16 Stat. 41], and entitled "Series 5, No. 7," it is prescribed as follows: "Unless the distiller chooses to destroy the mash on hand when he suspends work, he must fix his time, so that he will have time to run off the mash on hand before the notice takes effect, as after the time stated he can have no mash, wort, or beer on his distillery premises." There is nothing in section 22 of the act of July 20, 1868, which conflicts with that portion of the regulation which requires the distiller to "fix his time so that he will have time to run off the mash on hand before the notice takes effect;" to the contrary, the law authorizes him to make the regulation and prescribe the mode in which the detail of the statute is to be carried out. The answer sets this up, and avers that the distiller refused to fix his time so as to enable him to run off the beer before the legal suspension could take place. The plaintiff admits this by his demurrer. Whatever would be the opinion of the court as to the equities of the plaintiff, upon a different state of pleadings, so far as this case is concerned, the demurrer must be overruled, and the judgment given for the defendant.

Judgment was entered for the collector.

---

[2] [From 2 Am. Law Reg. 210.]